UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-CIV-_____

| | |
|---|---|
| **Eyeris Rodriguez** and **Yordany Martinez** individually and on behalf of others similarly situated,<br><br> Plaintiff,<br><br>vs.<br><br>**Supersonic of Florida, Inc.**, a for profit Florida corporation; **Juan C. Gonzalez**, individually, and; **Amed Carretero**, individually,<br><br> Defendants. | CLASS REPRESENTATION |

# FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiffs Eyeris Rodriguez and Yordany Martinez, individually, and on behalf of others similarly situated, sue Defendants, Supersonic of Florida, Inc., a for profit Florida Corporation; Juan C. Gonzalez, individually, and; Amed Carretero, individually, and allege:

## JURISDICTIONAL ALLEGATIONS

1. This lawsuit is an action to recover money damages for unpaid minimum wages and unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C., § 201, *et seq.*, a statute of the United States of America. This action is also brought under Florida Statute §§448.110, Florida Statutes ("the Florida Minimum Wage Act") and under Florida common law and statutes, including §448, Fla. Stat., pertaining to claims for unpaid wages earned. This Court enjoys subject matter jurisdiction pursuant to 28 U.S.C. §§1331 (federal question), 1337 (commerce), 1367 (supplemental), as well as under the "FLSA", 29 U.S.C., §§216(b) and under §448, Fla. Stat., and §24, Art. X of the Florida Constitution.

2. Plaintiffs Eyeris Rodriguez and Yordany Martinez worked as a local delivery drivers and/or warehousemen for Defendant Supersonic of Florida, Inc., which holds itself out as "a Multi-Faceted Transportation provider for the entire state of Florida" who operate through their "…dedicated personal [sic], 9 strategic locations, intra line private fleet and technology…". http://supersonicfl.com/ ("The Way We Do it"). Defendant "operate[s] facilities in Miami, Orlando, Tampa, Ft. Myers, Ocala, Jacksonville, Fort Pierce, Pensacola, and Tallahassee." http://supersonicfl.com/ ("The Way We Do it").

3. Plaintiffs Eyeris Rodriguez and Yordany Martinez, together with any other person who may hereafter consent to join in this lawsuit, are "employees" within the meaning of 29 U.S.C. §203(e).

4. Plaintiffs together with any other person who may hereafter consent to join in this lawsuit work or worked during respective tenures of employment at any time during the period of time beginning five years prior to the filing of this lawsuit through the present.

5. Defendant Supersonic of Florida, Inc., ("Supersonic") is a Florida corporation which owns and operates a closely, privately held transportation service provider in numerous locations around Florida including one in Miami at which the Plaintiffs work or worked.

6. Defendant Juan C. Gonzalez is an individual and principal of "Supersonic" who, together with other insiders, directly or indirectly, owns and/or operates "Supersonic" as a transportation service company, as part of a conglomerate of other related entities and persons.

7. Defendant Amed Carretero is an individual and principal or management employee of "Supersonic" who, together with Defendant Gonzalez and other insiders, directly or indirectly, owns and/or operates "Supersonic" as a transportation service company in the Miami location where Plaintiffs work or worked.

8. Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

9. The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida and across state lines. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

10. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s).

## CLASS ALLEGATIONS UNDER THE FLSA

11. The named Plaintiffs are similarly situated to other persons employed as "Local Delivery Drivers" and/or "Warehousemen" by the Employer during any part of the five-year period preceding the filing of this lawsuit.

12. The named Plaintiffs, and those similarly situated, work or worked for a flat rate weekly salary without regard to the number of hours worked. In fact, the Employer does not keep reliable time-keeping records for hours worked by the Plaintiffs, others similarly situated, or any or most of its employees.

13. The Defendants/Employers have long establish a weekly pay period, with payment of wages and compensation scheduled three weeks in arrears.

14. Throughout the period of time covered by this lawsuit, Defendants have failed to pay wages to any and all of their employees on the regularly scheduled pay day, withholding wages

3

until convenient to the employer, often for many weeks later than the scheduled pay day, essentially using the wages due to their protected employees as a source of short term, interest-free financing.

15. The Defendants/Employers also require that Plaintiffs, and others similarly situated, work in excess of 40 hours per workweek. However, Defendants do not keep reliable time records regarding hours worked, and fail to pay the required overtime premium for hours worked in excess of forty (40) on given work weeks.

## ATTORNEY'S FEES

16. Plaintiffs have engaged the services of the undersigned attorneys and have agreed to pay reasonable attorney's fees for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

17. Plaintiffs and others similarly situated are entitled to an award of prevailing party attorney's fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and other related authority. Additionally, Plaintiffs are entitled to fees and costs pursuant to Florida Statute §448.08, and other related authority.

## - COUNT I -
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Pay Minimum Wages)**

Plaintiffs, and others similarly situated, reallege ¶¶ 1-17, as though fully set forth herein.

18. At all times during their employment, the Plaintiffs and others similarly situated were employees required to be finally and unconditionally paid a minimum hourly wage for every hour worked during the applicable, established pay period. Further, they were entitled to receive such compensation on the established regular pay date.

19. Throughout Plaintiffs' employment, the Employer violated the provisions of the FLSA, 29 U.S.C. §206 and §215(a)(2) by failing to pay the Plaintiffs, and other similarly situated employees, a minimum hourly wage during applicable pay periods by, among other factors: (a) failing to finally and unconditionally pay at least the applicable minimum hourly wage for every hour worked during numerous covered pay periods as required by law; (b) failing to pay the required wages on the date due.

20. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219 and 29 C.F.R., Sections 516.1, *et. seq*. in that Plaintiffs, and those similarly situated, performed services for the benefit of the Defendants for which they were paid below the minimum wage rates required under both federal law, and under applicable Florida law and Constitution, which occasionally higher minimum wage rates are made applicable under the FLSA. Other persons who may become plaintiffs in this action also provided labor as hourly-rate employees and/or former employees of the Employer and have also been systematically paid less than the applicable minimum hourly wage, for the reasons set forth above.

21. The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the timely, complete, and unconditional payment of minimum wages and remains owing the named Plaintiffs and other similarly situated employees all unpaid minimum hourly wages for every hour worked during the three year period preceding this lawsuit.

WHEREFORE, Plaintiffs, and others similarly situated demand the following: payment of minimum wages for every hour worked during every pay period, or as much as is allowed by the Fair Labor Standards Act, whichever is greater, in an amount to be proven at the time of trial; an additional like amount as liquidated damages; an award of reasonable attorney's fees and costs, and; any and all such other relief which this Court may deem reasonable under the circumstances.

Also, in the event that Plaintiffs do not recover liquidated damages as allowed, then Plaintiffs and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

## - COUNT II -
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Overtime Wages)

Plaintiffs, and others similarly situated, reallege ¶¶ 1-17, as though fully set forth herein.

22. At all times during their employment, Plaintiffs, and those similarly situated, was a protected employee required by law to be paid by the hour for work performed for the Employer and required to be paid at the rate of one-and-half times his regular hourly rate for those hours he worked in excess of forty during any given workweek.

23. Plaintiffs routinely worked many overtime hours but their overtime hours were routinely and systematically not paid at all, or not paid at the applicable premium rate.

24. Other current and former similarly situated employees of the Employer, who performed the same or similar duties for the Employer as Plaintiff, were also not paid overtime wages as required by law.

25. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219; 29 C.F.R., Part 516 – Records to be Kept, and; 29 C.F.R. Part 778 – Overtime Compensation, as well as other applicable authority in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by the Employer to properly pay them at the rate of time-and-a-half for all hours worked in excess of forty (40) hours per workweek as provided in the FLSA.  Other persons who are -- or who may become -- Plaintiffs in this action, also provided labor as hourly-

rate employees and/or former employees of the Employer. Said other persons were also subject to the payroll practices and procedures described above.

26. The Employer failed to pay overtime compensation to Plaintiffs, and those similarly situated, based upon factors to include the following: (a) Plaintiffs were not paid for most of the many hours he worked in excess of forty during the vast majority of his workweeks; (b) the Employer completely failed to maintain the types of books and records and policies necessary and required to establish the commencement of the workweek for overtime wage calculation purposes; (c) the Employer has failed to timely disburse overtime compensation during the applicable pay period when the excess hours were worked, or ever.

27. The Employer knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and remains owing Plaintiffs and other similarly situated employees their overtime wages due from the commencement of their employment and, as a result, they are entitled to recover double or liquidated damages.

WHEREFORE, Plaintiffs and others similarly situated request double damages and reasonable attorney's fees and costs from Defendants, pursuant to the Fair Labor Standards Act as cited above to be proven at the time of trial, and for all unpaid overtime wages owing Plaintiffs and those similarly situated employees for their entire applicable employment period, or as much as is allowed by the FLSA, whichever is greater. In the event that Plaintiffs and those similarly situated employees do not recover double damages, then Plaintiffs and those similarly situated seek an award of prejudgment interest for the unpaid overtime compensation and any and all other relief which this Court may deem reasonable under the circumstances.

## - COUNT III -
## BREACH OF AGREEMENT TO PAY WAGES
### (Failure to Pay Wages)

Plaintiffs reallege ¶¶ 1 through 17 as though fully set forth herein.

28.     At all times during his employment, the Plaintiffs, and those similarly situated, were employees whom the Employer had agreed to pay a lawful, negotiated wage on a regularly scheduled pay day.

29.     The Employer breached the agreement by failing to pay any wage at all, and by routinely withholding the payment of wages for many weeks and disbursing wages only when convenient for the Defendants.

30.     As of the time of this filing, the Employer owed and continues to owe Plaintiffs, and others similarly situated, their wages, which are long overdue.

WHEREFORE, Plaintiffs, and those similarly situated, demand the following: payment of all accrued unpaid wages and commissions and payments promised under the pay plan, in an amount to be proven at the time of trial; accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

## – COUNT IV –
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Retaliation by Employers)

Plaintiffs reallege ¶¶ 1 through 17, as though fully set forth herein.

31.     Plaintiff Eyeris Rodriguez, and others similarly situated, exercised rights protected under the FLSA by complaining and demanding vindication of his right to collect timely payment of wages and overtime wages.

32. Shortly after exercising his protected rights under the FLSA, and as a result of such exercise, Plaintiff Rodriguez and others similarly situated suffered adverse employment consequences.

33. At all times material to this action, the Employer violated 29 U.S.C. §215(a)(3) in that Defendants retaliated against Plaintiff for asserting rights under the FLSA.

34. The Employer knew and/or showed a reckless disregard of the provisions of the FLSA concerning the prohibition against retaliation against the assertion of FLSA rights and thus is liable to compensate the Plaintiffs for unpaid wages, compensatory damages, back wages, front wages, liquidated damages, punitive damages and other equitable relief.

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, demand the following: reinstatement of employment, promotion, lost wages, back pay, front pay, compensatory damages, pre-judgment interest, and punitive damages pursuant to the Fair Labor Standards Act to be proven at the time of trial and for such further relief as may be permitted by the FLSA, together with court costs and attorney's fees.

## JURY DEMAND

35. Plaintiffs demands trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

Dated: August 19, 2020

Anthony F. Sanchez, P.A.
Attorneys for Plaintiffs
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.:   305-665-9211
Fax:    305-328-4842
Email:  afs@laborlawfla.com

By:  /s/ Anthony F. Sanchez
     Anthony F. Sanchez
     Florida Bar No. 789925