## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23459-Civ-SCOLA/TORRES

EYERIS RODRIGUEZ, *et al.*,

        Plaintiffs,

v.

SUPERSONIC OF FLORIDA, INC. *et al.*,

        Defendants.

_____/

## OMNIBUS REPORT AND RECOMMENDATION
## ON MOTION FOR COSTS AND MOTION FOR WRITS OF EXECUTION

This matter is before the Court on Eyeris Rodriguez's *et al.* ("Plaintiffs") motion for costs and motion for writs of execution against Supersonic of Florida, Inc. ("Supersonic") and Juan Gonzalez ("Mr. Gonzalez") (collectively, "Defendants"). [D.E. 28-29].   Mark Healy ("Mr. Healy"), as the alleged assignee of Supersonic, filed a response to the motion for writs of execution on January 11, 2021 [D.E. 30] to which Plaintiffs replied on January 19, 2021.   [D.E. 32].   No response was filed in opposition to the motion for costs.   Therefore, Plaintiffs' motions are now ripe for disposition.   After carful consideration of the motions, response, reply, relevant authorities, and for the reasons discussed below, Plaintiffs' motions should be **GRANTED**.[1]

_____

[1]    On January 11, 2021, the Honorable Robert N. Scola referred Plaintiffs' motions to the undersigned Magistrate Judge for disposition.   [D.E. 31].

# I.    ANALYSIS

Plaintiffs are a group of local delivery drivers and/or warehousemen for Supersonic and the company's individual principals.   Supersonic operates facilities in several Florida cities as a multi-faceted transportation provider.   Plaintiffs allege, among other things, that Supersonic failed to pay them the minimum hourly wage and failed to pay wages when due.   Plaintiffs also claim that they routinely worked more than 40 hours per week but that Supersonic failed to compensate them for overtime hours, failed to maintain the types of books and policies needed to calculate wages, and failed to timely disburse payments.   Plaintiffs filed this action on August 19, 2020 [D.E. 1], seeking money damages for unpaid minimum wages and unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C., § 201, *et seq.*, breach of contract, and retaliation.   We consider each motion in turn.

## A.    __Bill of Costs__

The first motion seeks $599 in costs under 28 U.S.C. § 1920, including $400 for clerk costs, $150 for service of a summons and subpoena, $22 for printing, and $27 for a recording fee.   Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs.   *Id.*   A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920.   *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920).   "To

defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

The court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *See id.* Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially Anecessarily obtained for use in the case.").

Here, Plaintiffs' motion is well taken, in many respects, because no response was filed in opposition to the amount sought and the time to do so has passed. The motion should therefore be granted by default under S.D. Fla. Local R. 7.1. In addition, the Court's review of the substantive grounds supporting the motion shows that Plaintiffs should be entitled to the taxable costs included in the motion under 28 U.S.C. § 1920. Thus, based on the record presented, it is hereby **RECOMMENDED** that Plaintiffs' motion for costs be **GRANTED** for the full amount requested in the motion and that a judgment on costs be entered in the amount of $599.

B.    *Writs of Execution*

Turning to the motion for writs of execution, the Court granted Plaintiffs' motion for final default judgment on November 30, 2020, and awarded Plaintiffs a cumulative sum of $428,162.41 plus interest.   [D.E. 26].   Plaintiffs now seek writs of execution to satisfy the full amount of the judgment, including real and personal property.   Mr. Healy opposes the relief sought because he is an alleged assignee of Supersonic pursuant to a state court proceeding in *In re Supersonic of Florida, Inc.* that is pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.   [D.E. 25].   Mr. Healy claims that Plaintiffs filed their motions for a writ of execution in violation of Florida law because Section 727.105 states that "there shall be no levy, execution, attachment, or the like in respect of any judgment against assets of the estate in the possession, custody, or control of the assignee." Fla. Stat. § 727.105.   He says that Plaintiffs have been made aware of the assignment on multiple occasions but that they continue to seek the same relief against the assignment estate in violation of Florida law.   Hence, Mr. Healy requests that the Court deny the motion for writs of execution.

The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located."   Fed. R. Civ. P. 69(a).   Under Florida law, a judgment creditor may request that the clerk of court issue a writ of execution to satisfy the amount of a judgment.   *See* Fla. Stat. § 56.021.   That includes "[l]ands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in

4

corporations, [to] be subject to levy and sale under execution."   Fla. Stat. § 56.061; *see also* Fla. Stat. § 56.09 ("On any judgment against a corporate judgment debtor, the judgment creditor may have an execution levied on the current money as well as on the goods and chattels, lands and tenements of the corporate judgment debtor.").

     Mr. Healy's response is unpersuasive on its face because it fails to present any facts or explanation as to why the motion should be denied.   He first mentions that Supersonic filed an assignment in November 2020 and then references a Florida statute with no explanation as to how the latter applies to the facts of this case.   Mr. Healy then quotes the statute and says that Florida law prohibits any writs of attachment.   But, without any substantive explanation as to how Mr. Healy arrived at that conclusion, his response is, for all practical purposes, no response at all.   The response, to be sure, is a mere five paragraphs with no legal authorities referenced (other than Fla. Stat. § 727.105) or any other documentary evidence (i.e. affidavits) attached in support of Mr. Healy's position.   It is therefore unclear how Mr. Healy's one and a half page response can be given any weight when it is conclusory, devoid of legal authorities, and lacking in explanation.

     Moving past that problem, Mr. Healy's response relies on the text of Fla. Stat. § 727.105:

> Proceedings may not be commenced against the assignee except as provided in this chapter, but nothing contained in this chapter affects any action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power. Except in the case of a consensual lienholder enforcing its rights in personal property or real property collateral, there shall be no levy, execution, attachment, or

the like in respect of any judgment against assets of the estate in the possession, custody, or control of the assignee.

Fla. Stat. § 727.105.[2]  Mr. Healy claims that this law enjoins Plaintiffs from obtaining any writs and that there is no need to go any further in the denial of Plaintiffs' motion.

Mr. Healy noticeably fails, however, to grapple with the statutory text where it says that no "proceeding may be commenced *against the assignee* except as provided by this chapter."  *Id.* (emphasis added).  The statute does not apply here because Plaintiffs never commenced this action against an assignee; they commenced it against Supersonic and Mr. Gonzalez.  And even if Supersonic later assigned its rights to Mr. Healy, the former would be the assignor – not the assignee.  So, it is unclear how Mr. Healy can rely on this statute when, by its terms, it does not apply.  *See, e.g.*, *Pae Gov't Serv., Inc. v. Tacprogear, LLC*, 2019 WL 7666993, at *1 (E.D. Va. Dec. 5, 2019), *Report and Recommendation adopted*, 2020 WL 390895 (E.D. Va. Jan. 23, 2020) ("The plain language of the Florida law governing assignments provides that no 'proceeding may be commenced against the assignee except as provided by this chapter.'  However, plaintiff commenced this litigation before defendant filed its petition for Assignment.  Moreover, Tacprogear

---

[2]      Chapter 727 governs assignments for the benefit of creditors. "An assignment for the benefit of creditors is an alternative to bankruptcy and allows a debtor to voluntarily assign its assets to a third party in order to liquidate the assets to fully or partially satisfy creditors' claims against the debtor."  *Hillsborough County v. Lanier,* 898 So.2d 141, 143 (Fla. 2d DCA 2005).   The intent and purpose of the law is "to provide a uniform procedure for the administration of insolvent estates, and to ensure full reporting to creditors and equal distribution of assets according to priorities as established under this chapter."  Fla. Stat. § 727.101.

was the assignor, not the assignee, at the time that the complaint in this case was filed.   Therefore, the Florida proceedings do not affect the proceedings in the case before this Court.").

There are additional reasons why Mr. Healy's response falls short with the most notable being that there is no evidence that he is an actual assignee of Supersonic.   And if there is no evidence to that effect, it is unclear whether he has standing to even file an objection in the first place.   There is, of course, no need to reach this issue for the reasons already stated but it shows how Mr. Healy's response is inadequate and can be rejected on several grounds.   Accordingly, Plaintiffs' motion for writs of execution should also be **GRANTED**.

## II.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiffs' motions be **GRANTED**, that a judgment on costs be entered in the amount of $599, and that the writs of execution be issued against Supersonic and Mr. Gonzalez.   [D.E. 28-29].

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.   Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v.*

*Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 29th day of January, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

8