## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23459-Civ-SCOLA/TORRES

EYERIS RODRIGUEZ, *et al.*,

        Plaintiffs,

v.

SUPERSONIC OF FLORIDA, INC. *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION
## ON MOTION FOR ATTORNEY'S FEES

This matter is before the Court on Eyeris Rodriguez's *et al.* ("Plaintiffs") motion for attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"). [D.E. 34]. No response was filed in opposition to the motion and the time to do so has passed. Therefore, Plaintiffs' motion is now ripe for disposition. After carful consideration of the motion, relevant authorities, and for the reasons discussed below, Plaintiffs' motion should be **GRANTED in part** and **DENIED in part**.[1]

---

[1]    On February 1, 2021, the Honorable Robert N. Scola referred Plaintiffs' motion to the undersigned Magistrate Judge for disposition. [D.E. 35].

## I.    BACKGROUND

Plaintiffs are a group of local delivery drivers and/or warehousemen for Supersonic of Florida, Inc. ("Supersonic") and the company's individual principals. Supersonic operates facilities in several Florida cities as a multi-faceted transportation provider.  Plaintiffs alleged, among other things, that Supersonic failed to pay them the minimum hourly wage and failed to pay wages when due. Plaintiffs also claimed that they routinely worked more than 40 hours per week but that Supersonic failed to compensate them for overtime hours, failed to maintain the types of books and policies needed to calculate wages, and failed to timely disburse payments.  Thus, Plaintiffs filed this action on August 19, 2020 [D.E. 1], seeking money damages for unpaid minimum wages and unpaid overtime wages under FLSA.

On November 25, 2020, the Court granted Plaintiffs' motion for final default judgment because the unrebutted evidence presented showed that Defendants owed, among other things, overtime wages, and contract wages as set forth in Plaintiffs' affidavits.  [D.E. 26].  The Court also found that Supersonic and Juan Gonzalez were jointly and severally liable, and enumerated the specific sums awarded to each plaintiff.  *Id*.  Plaintiffs now seek to recover attorney's fees pursuant to the prevailing party provision under the FLSA.

## II.    APPLICABLE PRINCIPLES AND LAW

Generally, under the "American Rule" in the United States, the prevailing party in litigation may not collect its attorney's fees from the losing party. *See Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.,* 532 U.S. 598, 602 (2001).   That is, each party, including the prevailing party, must bear its own fees.   The rationale of the "American Rule" is that "since litigation is at best uncertain one should not be penalized for merely defending or prosecuting a lawsuit." *Shimman v. Int'l Union of Operating Eng'rs, Local 18,* 744 F.2d 1226, 1229 (6th Cir. 1984).

Certain exceptions, however, do exist that allow a prevailing party to recover its fees.   *See id.*; *Johnson Enterprises of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1329 (11th Cir. 1998) ("Florida conforms to the 'American Rule' under which attorneys' fees are awarded only when permitted by statute or contract." (citing *Cook v. Deltona Corp.,* 753 F.2d 1552, 1563 (11th Cir. 1985)).   These exceptions include: "(1) when a statute grants courts the authority to direct the losing party to pay attorney's fees; (2) when the parties agree in a contract that one party will pay attorney's fees; and (3) when a court orders one party to pay attorney's fees for acting in bad faith."   *In re Home Depot Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019).

### III.    ANALYSIS

Plaintiffs seek $10,215 in fees because, when the Court granted their motion for final default judgment, Plaintiffs became the prevailing party.   That assertion is well taken because a plaintiff is a prevailing party and entitled to fees when he or she receives a judgment on the merits or a consent decree.   *See McMillan v. Masrtech Grp., Inc.,* 2014 WL 4297905, *6 (M.D. Fla. 2014) ("The plaintiff is clearly the prevailing party in this case, as his Motion for Default Judgment has been granted as to all of his claims.") (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources,* 532 U.S. 598, 603 (2001) (defining a prevailing party as one who has been awarded relief by the court)); *see also Jean–Louis v. Greenberg,* 2009 WL 3387484, *2 (S.D. Fla. 2009) ("[T]he entry of a default judgment against Defendants renders Plaintiff the prevailing party."); *Hernandez v. Cantor Granite Desing, LLC,* 2014 WL 5038596, *4 (M.D. Fla. 2014) (quoting *Jean–Louis,* 2009 WL 3387484, at *2).   Plaintiffs are also entitled to fees because "'Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs.'"   *Laney v. BBB Logistics, Inc.*, 2021 WL 423755, at *2 (11th Cir. Feb. 8, 2021) (quoting *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542 (11th Cir. 1985)); *see also* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").   The only issue remaining is whether the fee request is reasonable.

### A.    *The Lodestar Method of Determining Reasonable Fees*

In determining a reasonable fee award, we employ the lodestar method.   *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence.   We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee").   This method allows for a reasonable estimate of the value of an attorney's service because the movant submits evidence "supporting the hours worked and rates claimed."   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   If the movant's documentation of hours worked is inadequate, "the district court may reduce the award accordingly."   *Id*.

The lodestar method requires the Court to first determine an attorney's reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended.   *See, e.g., Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Housing Auth. Of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988); *see also Harbaugh v. Greslin,* 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005).   Following the Court's calculation, "the court must next consider the necessity of an adjustment for results obtained."   *Norman*, 836 F.2d at 1302.   Accordingly, when awarding fees, the Court must allow meaningful review of its decision and "articulate the decisions it made, give principled reasons for those decisions, and show its calculation."   *Id*. at 1304 (citation omitted).

In awarding attorneys' fees, "courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and

5

expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). However, courts have considerable discretion when determining whether a party to a case should receive a fee award. *See Cullens v. Georgia Dept. Of Transp.,* 29 F.3d 1489, 1492-1493 (11th Cir. 1994) (emphasizing that the district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness.").

An award must be reasonable and must fall within the guidelines for fee awards promulgated by the Eleventh Circuit. *See Norman*, 836 F.2d at 1299-1302. It is consequently within a court's ultimate discretion to adjust the fees to an amount it deems proper according to the Eleventh Circuit's parameters. *See, e.g., Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1580 (11th Cir. 1990) ("[T]he *Norman* Court left to the discretion of the district court the decision of whether to prune excessive hours"); *Cullens,* 29 F.3d at 1492 ("[W]e reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.") (quotation omitted).

### A.   *A Reasonable Hourly Rate*

In computing the lodestar, the first step is to determine the reasonable hourly rate, defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and

6

reputation.  *See Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299). The relevant market is "the place where the case is filed." *ACLU,* 168 F.3d at 427 (internal quotation marks and citation omitted).

Several factors may be considered in arriving at that prevailing market rate, as set forth in *Johnson v. Georgia Highway Express, Inc.*[2]  The movant is required to submit to the Court satisfactory evidence to establish that the requested rate accurately reflects the prevailing market rate.  *See Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman,* 836 F.2d at 1299 (finding that the burden lies with fee applicant "of producing satisfactory evidence that the requested rate is in line with prevailing market rates" and "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.")  Ultimately, the Court remains an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees

---

[2]     The 12 *Johnson* factors are as follows:
    (1) the time and labor required;
    (2) the novelty and difficulty of the questions;
    (3) the skill requisite to perform the legal service properly;
    (4) the preclusion of other employment;
    (5) the customary fee;
    (6) whether the fee is fixed or contingent;
    (7) the time limitations imposed by the client or circumstances;
    (8) the amount involved and the results obtained;
    (9) the experience, reputation and ability of the attorneys;
    (10) the undesirability of the case;
    (11) the nature and length of the professional relationship with the client; and
    (12) the awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974).

and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303).

Plaintiffs argue that their attorney, Anthony Sanchez ("Mr. Sanchez"), is entitled to an hourly rate of $450 because – as a 1988 graduate of the University of Pennsylvania Law School – he has been practicing law for approximately 31 years and has been a member in good standing of the Florida Bar since 1989.   Plaintiffs claim that Mr. Sanchez is admitted to practice in courts across the country and that he has litigated approximately thirty-three cases to verdict in both state and federal court.   Plaintiffs also say that Mr. Sanchez's legal positions have resulted in approximately twenty published decisions and that, given his substantial experience in advocating for civil rights and the enforcement of labor law, the requested rate is reasonable for the work performed.   For these reasons and others, Plaintiffs conclude that the Court should award Mr. Sanchez the entire rate requested.

We agree that Mr. Sanchez is an accomplished lawyer and that he has had a prominent career in litigating civil rights and labor law.  We disagree, however, that $450/hour is an appropriate rate for this case, especially where Plaintiffs filed a FLSA claim and the result was merely a default judgment.   In fact, less than three years ago, the Court awarded Mr. Sanchez an hourly rate of $400 based on his experience, reputation, and competence and he had no objection to that finding.   *See Vasconcelo v. Miami Auto Max, Inc.*, 2019 WL 275946, at *1 (S.D. Fla. Jan. 22, 2019) ("Judge Torres further concluded that a reasonable hourly rate of $100 was appropriate for Zwanink and $400 for Sanchez. Neither party objects to any of

Judge Torres's hour-by-hour reductions or the hourly-rate determinations."). Other courts before that have awarded Mr. Sanchez an hourly rate of $350.   *See, e.g.*, *Yuetter-Beacham v. Med. Career Inst. of S. Fla., Inc.*, 2017 WL 10775770, at *3 (S.D. Fla. May 26, 2017), *Report and Recommendation adopted,* 2017 WL 10775769 (S.D. Fla. June 15, 2017) ("Approximately one year ago, this Court reduced Attorney Sanchez's hourly rate from $400.00[] to $350.00 – a recommendation that was adopted by the District Court.   This Court declines to raise counsel's hourly rate for these supplementary proceedings.") (internal citation omitted); *see also Rodriguez v. Demolition King, Inc.*, 2015 WL 3970570, at *4 (S.D. Fla. June 30, 2015) (finding that plaintiff's counsel was a "skilled attorney," but that the rate requested of $400.00 was "too high" for an FLSA case, and granting a reduced rate of $350.00). We see no reason to award Mr. Sanchez a higher rate than last time and, given that the motion does not present any compelling reason to find otherwise, the hourly rate requested should be reduced to $400.

### B.    *A Reasonable Number of Hours Expended*

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation.   The award must exclude compensation for hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel.   *See A.C.L.U. of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) (emphasis in original).   The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably

expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award. *See A.C.L.U. of Georgia*, 168 F.3d at 428. If the fee applicant fails to exercise required billing judgment, the Court is obligated to [prune] out those [hours] that are excessive, redundant, or otherwise unnecessary. *See id.* at 428. As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees. *Norman*, 836 F.2d at 1303. Thus, it is proper to award attorney's fees based solely on affidavits in the record. *See id*. at 1303 (citing *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980)).

Here, Mr. Sanchez billed 22.7 hours and he submitted billing records in support of his argument that the number of hours was reasonably expended. We agree with that assertion because, after conducting an independent review of each time entry and the task performed, the hours spent on this case coincide with what the Court would expect from an experienced lawyer litigating a FLSA case to final default judgment. All of Mr. Sanchez's hours should therefore be included in the lodestar and Plaintiffs' motion for final default judgment should be **GRANTED in part** and **DENIED in part** with a fee judgment of $9,080 ($400 multiplied by 22.7 hours).

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiffs' motion for fees [D.E. 34] be **GRANTED in part** and **DENIED in part** with a fee judgment entered in the amount of $9,080.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.   Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 26th day of February, 2021.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge