UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 20-23459-CIV-SCOLA/TORRES

**Eyeris Rodriguez**, *et al.*,

    Plaintiffs/Judgment Creditors,

vs.

**Supersonic of Florida, Inc.**, a for profit Florida corporation;
**Juan C. Gonzalez**, individually; *et al.*,

    Defendants/Judgment Debtors.

**JUDGMENT CREDITORS' MOTION FOR OMNIBUS ORDER GRANTING RELIEF IN AID OF EXECUTION AGAINST JUDGMENT DEBTORS:**
**a.   DIVESTING JUDGMENT DEBTOR JUAN C. GONZALEZ OF ALL RIGHT, TITLE, AND INTEREST IN STOCK OF JUDGMENT DEBTOR SUPERSONIC OF FLORIDA, INC., AND VESTING SAME IN JUDGMENT CREDITORS, IN LIEU OF STOCK**
**b.   COMPELLING JUDGMENT DEBTORS JUAN C. GONZALEZ AND SUPERSONIC OF FLORIDA, INC. TO TESTIFY UNDER OATH PURSUANT TO FLORIDA STATUTE §56.30**

    FLSA Judgment Creditors ("Judgment Creditors"), pursuant Fla. Stat. Chapter 55, and other applicable authority, made applicable by Rule 69, Fed. R. Civ. P., as judgment holders against Judgment Debtors/Defendants **Supersonic of Florida, Inc.** ("Supersonic"), and; **Juan C. Gonzalez** ("Gonzalez") (hereinafter collectively referred to as the "Judgment Debtors"), file this motion for relief in aid of execution, as follows:

    **I.**    **Summary of Relief in Aid of Execution**

    The Judgment Debtors are a closely held corporation and its sole shareholder against whom final judgments have been entered in this case as well as in a related FLSA case styled *Ramirez v. Supersonic of Florida, et al*, FLSD Case No. 20-cv-21592-GAYLES (hereafter "the Related FLSA

case"). Additionally, the corporate Judgment Debtor, Supersonic, purported to initiate a statutory, state court "Assignment for the Benefit of Creditors" proceeding in Orlando, Orange County, Florida, in a case styled *In re Supersonic of Florida, Inc., Assignor; In the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida*, Case Number 2020-CA-008414-O (hereafter "the ABC Proceeding").

In those cases, as in the instant case, the Judgment Debtors have consistently and brazenly defied post-judgment judicial authority, their own attorneys, and resisted process in aid of execution by, among other things, failing to abide by the requirements of the Final Judgment in "the Related FLSA Case" which required that Judgment Debtors provide complete financial disclosures, and where they have also refused to cooperate with their own counsel to provide and schedule discovery and depositions in aid of execution. Supersonic also failed to deliver <u>any</u> financial records to their chosen "assignee" in the state court ABC Proceeding as specifically required by statute under §727, Florida Statutes. Because the Judgment Debtors are failing to cooperate with discovery in aid of execution, Judgment Creditors request the Court grant relief under Florida Statute §56.30 compelling that Judgment Debtors each provide all required financial disclosures and testify under oath regarding the nature and location of all their assets. Additionally, since the individual judgment debtor Gonzalez is the sole owner of the corporate judgment debtor Supersonic, the Court should also enter an order or other writ in aid of execution, effectively canceling all interest individual judgment debtor Gonzalez has in the stock of corporate judgment debtor Supersonic, and vesting all interest in Judgment Creditors' stock in the Judgment Creditors, *pro rata*.

## II.     Background

1.     **Unsatisfied Judgments and Post-Judgment Process in this Case.** The Plaintiffs in this case are FLSA Judgment Creditors by virtue of the Final Judgment ("Order on Motion for Entry of Default Judgment") entered on November 30, 2020 [DE 26], a Cost Judgment entered February 17, 2021. [DE. 36], and a separate fee award of $9,080.00 [DE 39], all rendered by this Court in the above-captioned case. As such, the total outstanding unsatisfied amounts Defendants owe the "Judgment Creditors" in this case is at least **$437,841.41**, plus accrued interest.

2.     In accordance with the Final Judgments [DE 26, 36, 39], the Judgment Creditors recorded a statutory Judgment Lien Certificate (see attached **Exhibit 1**) which represents a lien against all personal property of the Judgment Debtors arising under Florida Statute §55.202 and §55.203. Additionally, the Court has issued Writs of Execution obliging that all goods and chattels of the Judgment Debtors be levied toward satisfaction of the unsatisfied judgments. [DE 37, pp. 1-2]. As such, Judgment creditors are eligible to commence statutory proceedings supplementary under §56.29, Fla. Sta.

3.     Additionally, as a result of the recorded Judgment Lien Certificate, and the issued Writs of Execution, the Judgment Creditors also enjoy a security interest in all personal property of the Judgment Debtors pursuant to Florida Statute §55.202. This includes all stock owned by Judgment Debtor Gonzalez, including his 100% ownership of stock in Judgment Debtor Supersonic.

4.     **Unsatisfied Judgments and Post Judgment Process in Related FLSA Case.** In addition to the unsatisfied Final Judgment entered in this case, a separate Plaintiff (also represented by undersigned counsel) also obtained and recorded a Final Judgment against the very same Judgment Debtors in the related FLSA case of *Ramirez v. Supersonic of Florida, et al*, FLSD Case

No. 20-cv-21592-GAYLES (hereafter "the Related FLSA case").

5.  The Final Judgment in "the Related FLSA case" required that the identically same Judgment Debtors herein fill out and return "Fact Information Sheet[s]" and produce documents necessary for making complete financial disclosures and detailing the nature and location of all their assets, including any shares of Supersonic of Florida, Inc. However, ***neither Defendant has provided the financial disclosures and document production required by the Final Judgment in the related case***. A copy of the Final Judgment in the related case is attached hereto as **Exhibit "2"**. The failure to return the Fact Information Sheets may result in contempt of court. Rule 1.560(b), Fla. R. Civ. P. ("Failure to obey the order may be considered contempt of court."). A motion for rule to show cause and to hold the Judgment Debtors in contempt of Court is pending in the Related FLSA case.

6.  In the Related FLSA case, where the Judgment Debtors remain represented by counsel in accordance with the enforcement of settlement provisions, the Judgment Debtors do not communicate with their own lawyer. See Affidavit of Attorney Tom Harper, attached hereto as **Exhibit "3"**. Accordingly, depositions and other discovery in aid of execution are being frustrated by Judgment Debtors' contumacious obstinacy.

7.  **Assignment for the Benefit of Creditors ("ABC") Proceeding Closed.** Judgment Debtor Gonzalez is the President and sole shareholder of Judgment Debtor Supersonic. He represented this fact under oath in a Petition filed in a supposed state statutory Assignment for the Benefit of Creditors proceeding initiated by Judgment Debtors in Orlando, Orange County, Florida, in a case styled *In re Supersonic of Florida, Inc., Assignor; In the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida*, Case Number 2020-CA-008414-O (hereafter "the ABC Proceeding"). A copy of the Petition is attached as **Exhibit "4"**.

8.     By initiating the ABC proceeding under Florida law, the Judgment Debtors were required to deliver to their designated Assignee all of the corporate Debtor's accounts, books, papers records and other documents completely detailing the nature and location of all assets. (§727.107(2)[1]).

9.     The Judgment Debtors, however did not deliver any financial records to their Assignee, which fact was recently confirmed by the attorney for the Assignee in writing. See attached **Exhibit** "**5**".  The ABC proceedings are now closed without any distribution to any creditors, notwithstanding millions in debt, including recent federal government relief loans issued for the expressed purpose of ensuring payment of wages. However, those proceeds apparently went to the pay insiders of the Judgment Debtors, and not to wage earners such as the Plaintiffs/Judgment Creditors.

10.    **Voidable Transfers to Insiders and Successors of the Judgment Debtors**.  The Judgment Debtors are attempting to avoid their obligations to provide discovery in aid of execution in order to secrete assets they transferred, gifted or assigned to insiders via voidable transactions.

11.    The Judgment Debtors have transferred and assigned property subject to execution in order to delay, hinder, or defraud creditors, and in order to secrete the manner in which the

---

[1] / **727.107   Duties of assignor**.—**The assignor shall**:
(1)  Assist the assignee in the administration of the estate and comply with all orders of the court;
(2)  **Upon delivery of the assignment to the assignee, deliver to the assignee** all of the assets of the estate in the assignor's possession, custody, or control, including, but not limited to, **all accounts, books, papers, records, and other documents**; **and**
(3)  Within 30 days after the filing date, submit to examination by the assignee, under oath, concerning the acts, conduct, assets, liabilities, and financial condition of the assignor or any matter related to the assignee's administration of the estate.
§727.107, Fla. Stat. (emphasis added).

Judgment Debtors concealed their assets and otherwise transferred value to themselves, third party insiders, and successors in interest, in order to hinder, delay, defraud and otherwise frustrate creditors, including the Judgment Creditors herein. A gift, transfer, assignment or other conveyance of property made or contrived by the debtor to delay, hinder or defraud creditors is void. Fla. Sta. §56.29(3), (6), and (9).

12. Among the assets dissipated by the Judgment Debtors are the proceeds of a Paycheck Protection Program Loan received by the Judgment Debtors in order for them to make payroll payments to unpaid wage earners such as Judgment Creditors.

13. Said transfers, property, debt, or obligations due to the Judgment Debtors, and/or secreted or transferred by them, may be used to satisfy the underlying unsatisfied Judgments. Fla. Stat. §56.29(2). Said property may include property held confidentially by insiders to delay, hinder, or defraud creditors, and may also represent a "gift, transfer, assignment or other conveyance of property made or contrived by Judgment Debtors to delay, hinder, or defraud creditors" within the meanings of Fla. Stat. § 56.29(3)(a), (b), (6), (9), all of which may be applied to satisfy the underlying unsatisfied Judgments.

## MEMORANDUM OF LAW

### I. Stock of Judgment Debtor Should be Cancelled and Title to Same Transferred to Judgment Creditors in Lieu of Stock.

Upon information and belief, any stock of Judgment Debtor Supersonic is either lost, being hidden by Gonzalez, or was never issued in the first place, in order to avoid execution and levy upon the same. Under Florida law all of a Judgment Debtors' property, including, *inter alia* "all lands and tenements, goods and chattels, equities of redemption in real and personal property, and **stock in corporations**, shall be subject to levy and sale under execution." Florida Statute §56.061. Additionally, under Florida law the property of a corporate Judgment Debtor, including "current

money as well as on the goods and chattels, lands and tenements…" is subject to execution and levy. Florida Statute §56.09 (emphasis added).

The Court has authority to order any property of the judgment debtors in another's possession to be levied, and may enter orders, judgments, writs required or helpful to subject property or property rights of a judgment debtor to execution and levy.§56.29(6), (7), Fla. Stat. provides in pertinent part:

> (6)   The court may order any property of the judgment debtor, not exempt from execution, or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt. The court may enter any orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to execution, and including entry of money judgments as provided in ss. 56.16-56.19 against any person to whom a Notice to Appear has been directed and over whom the court obtained personal jurisdiction irrespective of whether such person has retained the property, subject to applicable principles of equity, and in accordance with chapters 76 and 77 and all applicable rules of civil procedure. Sections 56.16-56.20 apply to any order issued under this subsection.
> (7)   Any person failing to obey any order issued under this section by a judge or general or special magistrate or failing to attend in response to a subpoena served on him or her may be held in contempt.

§56.29(6), (7), Fla. Stat.

Judgment Creditors are entitled to possession of the stock in order to satisfy (in part) their Final Judgments. In light of the Judgment Debtors' refusal to provide any information with respect to their financial condition, their contumacious disregard of a Court Order, abuse of process and violation of statutory requirements, Gonzalez's attempt to divest himself of property subject to execution and levy, and his failure to otherwise satisfy the Final Judgments, his failure to appear at a scheduled deposition in aid of execution, the Court should enter a Final Judgment in Aid of Execution, substantially in form attached as **Exhibit** "**6**", effectively transferring all right, title, or interest in Supersonic of Florida, Inc. to Judgment Creditors, in trust c/o their attorney Anthony F.

Sanchez, P.A.

WHEREFORE, JUDGMENT CREDITORS request the Court enter Final Judgment in Aid of Execution, substantially in the form attached, effectively transferring all right, title, and interest in Supersonic of Florida, Inc. to Judgment Creditors, *pro rata*, c/o Anthony F. Sanchez, P.A.

> II. **Judgment Debtors Should Each Be Compelled to Testify and Provide Complete Financial Disclosures Under Oath as Authorized by Florida Statute §56.30 and Other Authority.**

In addition to other discovery in aid of execution permitted under the rules of court, the Court enjoys statutory authority to enter such orders, judgments, writs as prove necessary or helpful in order to subject property or property rights of a judgment debtor to execution and levy to satisfy judgments even when those assets may be in possession of others. Among these powers to enforce judgments, the Court may require that judgment debtors appear before the Court to be examined with respect to their assets subject to execution. This may be required before service of a Notice to Appear in proceedings supplementary under § 56.29. This authority is made explicit by §56.30(1), Fla. Stat. which provides:

> **56.30   Discovery in proceedings supplementary.—**
> (1)   In addition to any other discovery permitted under the rules of civil procedure, on the judgment creditor's motion the court shall require the judgment debtor to appear before it or a general or special magistrate at a time and place specified by the order in the county of the judgment debtor's residence or principal place of business to be examined concerning property subject to execution. This examination may occur before issuance of a Notice to Appear.
> (2)   The order shall be served in a reasonable time before the date of the examination in the manner provided for service of summons or may be served on the judgment debtor or the judgment debtor's attorney of record as provided for service of papers in the rules of civil procedure.
> (3)   Testimony shall be under oath, shall be comprehensive, and cover all matters and things pertaining to the business and financial interests of the judgment debtor which may tend to show what property the judgment debtor has and its location. Any testimony tending directly or indirectly to aid in satisfying the execution is admissible. A corporate judgment debtor must attend and answer by a designee with knowledge or an identified officer or manager who may be specified in the

order. Examination of witnesses shall be as at trial, and any party may call other witnesses to be examined concerning property that may be subject to execution.

§56.30(1)-(3), Fla. Stat.

The Judgment Creditors expect to commence proceedings supplementary to implead parties to whom the Judgment Debtors made payments or other transfers with intent to hinder, delay or defraud creditors. In order to proceed against any entities which may have received voidable transfers, it is necessary that Judgment Debtors provide complete financial disclosures at least from the period of time beginning April 15, 2019 through the present: one year prior to the filing of the Related FLSA Case through the present.[2]

Moreover, it is well-settled that upon the request of a judgment creditor, a judgment debtor will be required to provide all financial information on Fact Information Sheets, pursuant to Rules 1.560(b)[3] and 1.570(c), Fla. R. Civ. P.

WHEREFORE, JUDGMENT CREDITORS request the Court enter the following relief:

---

[2] / In proceedings supplementary, the Judgment Debtor has the burden to prove that transfers or payments or assignments made to insiders during the period beginning one year prior to service of process of the underlying FLSA lawsuit, were not made to delay, hinder or defraud creditors:

> When, within 1 year before the service of process on the judgment debtor in the original proceeding or action, the judgment debtor has had title to, or paid the purchase price of, any personal property to which the judgment debtor's spouse, any relative, or any person on confidential terms with the judgment debtor claims title and right of possession, the judgment debtor has the burden of proof to establish that such transfer or gift was not made to delay, hinder, or defraud creditors.

§56.29(3)(a), Fla. Stat.

[3] / Rule 1.560(b), Fla. Civ. P. provides:

> **Fact Information Sheet.** In addition to any other discovery available to a judgment creditor under this rule, the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court. **Failure to obey the order may be considered contempt of court**.

a.  an Order Requiring Juan C. Gonzalez and Supersonic of Florida, Inc. to appear before the Court at a time and place specified to be examined concerning property subject to execution;

b.  an Order requiring Judgment Debtors to fill out, under oath, respective Forms 1.977, ("Fact Information Sheet") pursuant to Rules 1.560(b) and 1.570(c), Fla. R. Civ. P., in the form attached as composite **Exhibit "7"**.

c.  Any such other relief as the circumstances and evidence require, including an award of fees and costs pursuant to 29 U.S.C. §216(b); Fla. Stat. §56.29(8).

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 31, 2021 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served on all counsel of record and parties listed on the Service List below in the manner indicated therein.

**Anthony F. Sanchez, P.A.**
Attorneys for
Plaintiffs/Judgment Creditors
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.:    305-665-9211
Fax:    305-328-4842
Email:  afs@laborlawfla.com

By:  /s/ Anthony F. Sanchez
       Anthony F. Sanchez
       Florida Bar No. 789925

## SERVICE LIST

Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
Email: afs@laborlawfla.com
Email: faz@laborlawfla.com
***Counsel for Plaintiffs/Judgment Creditors***
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel:     305-665-9211
Fax:    305-328-4842

J. Michael Wermuth, Esq.
Fla. Bar No. 50768
Email: michael@wpolaw.com
Sixsy L. Alfonso, Esq.
Fla. Bar No. 1005857
Email: sixsy@wpolaw.com
***Counsel for Defendant Amed Carretero***
Wermuth Panell & Ortiz, PLLC.
8750 N.W. 36 Street, Suite 425
Miami, Florida 33178
Tel:     305-715-7157
Fax:    305-715-8982
*Via Notice of Electronic Filing*

James A. Timko, Esq.
Florida Bar No.: 0088858
Email: jtimko@shutts.com
Email: kabbadessa@shutts.com
***Counsel for Assignee Mark C. Healy***
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Tel:     407-835-6808
Fax:    407-425-8316
*Via Notice of Electronic Filing*

Supersonic of Florida, Inc.
c/o Mark C. Healy
***Party Defendant/Judgment Debtor***
Michael Moeker & Associates, Inc.
1883 Marina Mile Blvd., Suite 106
Ft. Lauderdale, Florida 33315
Tel:     954-252-1560
Email: mhealy@moecker.com
Email: info@moecker.com
Email: njoseph@moecker.com
*Via First-Class U.S. Mail and Email*

Juan C. Gonzalez
c/o Mark C. Healy
***Party Defendant/Judgment Debtor***
Michael Moeker & Associates, Inc.
1883 Marina Mile Blvd., Suite 106
Ft. Lauderdale, Florida 33315
Tel:     954-252-1560
Email: mhealy@moecker.com
Email: info@moecker.com
Email: njoseph@moecker.com
*Via First-Class U.S. Mail and Email*

Juan C. Gonzalez
***Party Defendant/Judgment Debtor***
1919 Absher Road
St. Cloud, Florida 34771
Email: jgonzalez@supersonicfl.com
Email: jgonzalezdc706@aol.com
*Via First-Class U.S. Mail and Email*