# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23459-Civ-SCOLA/TORRES

EYERIS RODRIGUEZ, *et al.*,

      Plaintiffs,

v.

SUPERSONIC OF FLORIDA, INC. *et al.*,

      Defendants.
_____/

# REPORT AND RECOMMENDATION
# ON MOTION TO DIVEST STOCK AND COMPEL DISCOVERY

This matter is before the Court on Eyeris Rodriguez's *et al.* ("Plaintiffs") motion to divest Juan Gonzalez ("Mr. Gonzalez") of all rights, title, and interest in Supersonic of Florida, Inc. ("Supersonic") and to compel discovery in aid of execution. [D.E. 40]. Neither Mr. Gonzalez nor Supersonic (collectively, the "Judgment Debtors") filed a response in opposition and the time to do so has passed. Therefore, the motion is now ripe for disposition. After careful consideration of the motion, relevant authorities, and for the reasons discussed below, Plaintiffs' motion should be **GRANTED**.[1]

---

[1] On April 9, 2021, the Honorable Robert N. Scola referred Plaintiffs' motion to the undersigned Magistrate Judge for disposition. [D.E. 41].

## *I.     BACKGROUND*

Plaintiffs are a group of local delivery drivers and/or warehousemen for Supersonic and the company's individual principals. Supersonic operates facilities in several Florida cities as a multi-faceted transportation provider. Plaintiffs alleged, among other things, that Supersonic failed to pay them the minimum required hourly wage and failed to pay wages when due. Plaintiffs also claimed that they routinely worked more than 40 hours per week but that Supersonic failed to compensate them for overtime hours, failed to maintain books and policies needed to calculate wages, and failed to timely disburse payments. Thus, Plaintiffs filed this action on August 19, 2020 [D.E. 1], seeking money damages for unpaid minimum wages and unpaid overtime wages under the FLSA.

On November 25, 2020, the Court granted Plaintiffs' motion for final default judgment because the evidence showed that Defendants owed overtime and contract wages as set forth in Plaintiffs' affidavits. [D.E. 26]. The Court also found that Supersonic and Mr. Gonzalez were jointly and severally liable, and enumerated the specific sums awarded to each plaintiff. *Id*. Plaintiffs now seek to divest Mr. Gonzalez of all rights, title, and interest in Supersonic and to compel the Judgment Debtors to comply with their discovery obligations in aid of execution toward the Court's final judgment.

## II.     APPLICABLE PRINCIPLES AND LAW

The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a).  Under Florida law, a judgment creditor may request that the clerk of court issue a writ of execution to satisfy the amount of a judgment.  *See* Fla. Stat. § 56.021.  That includes "[l]ands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, [to] be subject to levy and sale under execution."  Fla. Stat. § 56.061; *see also* Fla. Stat. § 56.09 ("On any judgment against a corporate judgment debtor, the judgment creditor may have an execution levied on the current money as well as on the goods and chattels, lands and tenements of the corporate judgment debtor.").

Rule 69 further provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  Along those same lines, "[t]he scope of discovery under Rule 69(a) and Florida law is broad, permitting a judgment creditor to obtain discovery not only of the debtors current assets, but also information relating to past financial transactions."  *Thomas v. French & French, Ltd.*, 2012 WL 13208436, at *1 (M.D. Fla. Nov. 8, 2012) (citing *STG Secure Trading Group, Inc. v. Solaris Opportunity Fund, LP*, 2007 WL 3131335, at *2 (S.D. Fla. Oct. 24, 2007); *British Intern. Ins. Co.,*

3

*Ltd. v. Seguros La Republica, S.A.,* 200 F.R.D. 586, 589 (W.D. Tex. 2000)). The purpose of post-judgment discovery is to learn information relevant to the existence or transfer of a judgment debtor's assets. *See British Intern. Ins. Co., Ltd.*, 200 F.R.D. at 589. Any responses and objections to discovery requests must be made within thirty days of being served. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2); *see also United States v. Arnao*, 2017 WL 1251582, at *1 (M.D. Fla. Apr. 5, 2017). If no response is provided or the discovery served is otherwise objectionable, a party may file a motion to compel, and a court retains broad discretion in the disposition of that motion.

### III. ANALYSIS

Plaintiffs seek two forms of relief in the pending motion: (1) to divest Mr. Gonzalez of all rights, title, and interest in Supersonic via his stock certificates, and (2) to compel the Judgment Debtors to testify under oath and comply with all their discovery obligations. Plaintiffs say that both requests are needed because, although the Court entered a final judgment of approximately $437,841.41 against the Judgment Debtors, they have failed to comply with any post-judgment discovery or otherwise cooperate with their own lawyer. Plaintiffs are concerned that, without any further enforcement of the Court's final judgment, the Judgment Debtors will shirk their responsibilities, transfer assets to third parties, and render the final judgment uncollectible. To prevent or otherwise cease these activities, Plaintiffs request that their motion be granted in all respects.

### *A.     Whether the Court Should Cancel and Reissue Stock Certificates*

The first question is whether the Court should divest Mr. Gonzalez of all rights, title, and interest in Supersonic via his stock certificates.[2] Plaintiffs argue that they should be entitled to this relief because Mr. Gonzalez is attempting to divest himself of property that is subject to execution and that he is failing to meet any of his discovery obligations. Plaintiffs claim, for example, that Mr. Gonzalez failed to appear for a scheduled deposition and that he is taking certain actions to either hide or transfer stock to avoid payment of the Court's final judgment. Because Mr. Gonzalez's conduct constitutes a complete disregard of a court order, Plaintiffs ask that the court divest him of all stock in Supersonic and transfer it to Plaintiffs, alongside any corporate or financial records.

Under Florida law, stock is included as one of several items that are subject to levy and sale under a writ of execution.[3] *See* Fla. Stat. § 56.061 ("Lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to levy and sale under execution."). Florida law also provides a creditor with aid in reaching a security if it cannot be obtained by other legal processes – that is, by seizure of the certificates:

> A creditor whose debtor is the owner of a certificated security, uncertificated security, or security entitlement is entitled to aid from a court of competent jurisdiction, by injunction or otherwise, in reaching

---

[2]     Mr. Gonzalez is the President and sole shareholder of Supersonic.

[3]     The Court entered on February 17, 2021 a writ of execution for all goods, chattels, lands and tenements belonging to the Judgment Debtors.   [D.E. 37].

5

> the certificated security, uncertificated security, or security entitlement or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by other legal process.

Fla. Stat. § 678.1121(5). In addition to this relief, Florida law further provides courts with the authority to order property in the possession of a judgment debtor to be applied toward the satisfaction of a judgment:

> The court may order any property of the judgment debtor, not exempt from execution, or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt. The court may enter any orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to execution, and including entry of money judgments as provided in ss. 56.16-56.19 against any person to whom a Notice to Appear has been directed and over whom the court obtained personal jurisdiction irrespective of whether such person has retained the property, subject to applicable principles of equity, and in accordance with chapters 76 and 77 and all applicable rules of civil procedure. Sections 56.16-56.20 apply to any order issued under this subsection.

Fla. Stat. § 56.29(6). Given the potential relief available under Florida law and Mr. Gonzalez's failure to satisfy the final judgment, Plaintiffs ask that the Court transfer all of his rights, title, and interest in Supersonic.

Plaintiffs' motion is well taken because Fla. Stat. § 678.112(5) authorizes a court to aid a creditor "'in reaching the security or in satisfying the claim by means allowed by law or in equity,' including by ordering their reissuance, regardless of whether securities cannot be seized because their location is unknown or because the debtor has attempted to move them outside the court's reach." *Schanck v. Gayhart*,

6

245 So. 3d 970, 975 (Fla. 1st DCA 2018). This is consistent with the allegations in the motion presented because there are unrebutted allegations that Mr. Gonzalez is divesting himself of assets – specifically stock certificates – to avoid satisfaction of the Court's final judgment and it is unclear where this stock is located.

The relief sought is also consistent with how Florida courts have handled similar circumstances and ordered corporations to reissue stock certificates when there is a refusal to respond to discovery or to disclose the location of stock certificates. *See House v. Williams*, 573 So. 2d 1012, 1013 (Fla. 5th DCA 1991) (ordering a "closely held corporation controlled by the judgment debtors to reissue stock certificates in their names when they refuse to respond to discovery or to disclose the location of the original stock certificate."); *see also Chevron Corp. v. Donzinger*, 2020 WL 3643043, at *6 (S.D. Fla. July 6, 2020) (ordering the reissuance of stock certificates to be turned over to the judgment creditor so that the judgment creditor may levy the shares for execution).

The First District's decision in *Schanck* is particularly instructive. There, the judgment debtor owed monies to his ex-wife's estate pursuant to a settlement agreement and, at a deposition, an attorney asked the judgment debtor about the location of his stock certificates. *See Schanck*, 245 So. 3d at 972. The judgment debtor responded that he did know where the stock certificates were located and afterwards the estate filed a motion in aid of execution under Fla. Stat. § 678.1121. The estate requested that a Florida court compel the debtor to turn over

7

the stock certificates or, if he could not locate them, compel their reissuance and delivery to the estate. *Id.* Following the filing of that motion, the judgment debtor asserted that the stock certificates had been transported to Canada, that a Florida court lacked jurisdiction to compel their reissuance, and that any relief would need to be sought in a foreign jurisdiction. *Id.* The trial court disagreed, ordered the cancellation and reissuance of the stock certificates, and the First District affirmed, holding that:

> [S]ection 678.112(5) authorizes a court to aid the creditor in reaching the security or in satisfying the claim by means allowed by law or in equity, including by ordering their reissuance, regardless of whether securities cannot be seized because their location is unknown or because the debtor has attempted to move them outside the court's reach.

*Id.* at 975. (quotation marks omitted).

The First District relied, in part, on the language of Fla. Stat. § 678.1121, where it outlines the procedure for a creditor to reach a debtor's security interests:

> (1) The interest of a debtor in a certificated security may be reached by a creditor only by actual seizure of the security certificate by the officer making the attachment or levy, except as otherwise provided in subsection (4).
> . . .
> (4) The interest of a debtor in a certificated security for which the certificate is in the possession of a secured party . . . may be reached by a creditor by legal process upon the secured party.
> (5) A creditor whose debtor is the owner of a certificated security . . . is entitled to aid from a court of competent jurisdiction, *by injunction or otherwise*, in reaching the certificated security . . . or in satisfying the claim *by means allowed at law or in equity* in regard to property that cannot readily be reached by other legal process.

8

Fla. Stat. § 678.1121. The court also relied on the Fifth District's decision in *House* because it too found that Florida law "authorizes a judge to order a closely held corporation controlled by the judgment debtors to reissue stock certificates in their names when they refuse to respond to discovery or to disclose the location of the original stock certificate." *House*, 573 So. 2d at 1013.

The same principles apply here because Plaintiffs allege that Mr. Gonzalez is not only divesting himself of stocks, but that he is also failing to comply with any discovery and leaving Plaintiffs without any knowledge of where his stocks are located. That is enough to warrant relief because "a court need only have jurisdiction over the defendant in cases where the location of a security is unknown or the securities have been moved by the debtor." *Hartford Fire Ins. Co. v. New York Mart Grp., Inc.*, 2021 WL 633362, at *4 (S.D. Fla. Jan. 21, 2021), *Report and Recommendation adopted*, 2021 WL 616949 (S.D. Fla. Feb. 17, 2021). And given that there is no dispute in this record that the Court has *in personam* jurisdiction[4] over the Judgment Debtors, "Florida law permits the Court to order the reissuance of

---

[4] Only *in personam* jurisdiction is required because, with the location of the stock certificates unknown and the Judgment Debtors unresponsive, *in rem* jurisdiction is not possible. "Indeed, to find that a court needs *in rem* jurisdiction over property that a defendant claims is lost would be to leave a creditor with no recourse when a debtor claims that the property is lost or that its location is unknown. Because there is no property on which the Court may directly act at this time, this is not an *in rem* action and the undersigned's decision is guided by *Schanck* and *House*, both cases where stock certificates in question were lost or non-existent and *in personam* jurisdiction was sufficient." *Hartford Fire Ins. Co.*, 2021 WL 633362, at *5 (citing *Schanck*, 245 So. 3d at 972; *House*, 573 So. 2d at 1013).

the stock certificates so that the plaintiff may levy the shares for execution." *Chevron Corp.*, 2020 WL 3643043, at *5 (citing cases); *see also Inversiones Y Procesadora Tropical Inprotsa, S.A. v. Del Monte Int'l GMBH*, 2020 WL 6384878, at *3 (S.D. Fla. Aug. 5, 2020), *Report and Recommendation adopted*, 2020 WL 6384299 (S.D. Fla. Oct. 30, 2020) (holding that the Court has jurisdiction to order the judgment debtor to act on its intangible property rights outside of this District because the Court has *in personam* jurisdiction over the judgment debtor); *Gen. Elec. Cap. Corp. v. Advance Petroleum, Inc.*, 660 So. 2d 1139, 1142 (Fla. 3d DCA 1995) ("It has long been established in this and other jurisdictions that a court which has obtained *in personam* jurisdiction over a defendant may order that defendant to act on property that is outside of the court's jurisdiction, provided that the court does not *directly* affect the title to the property while it remains in the foreign jurisdiction.") (emphasis in original).  Thus, Plaintiffs' motion should be **GRANTED** in seeking to cancel any Supersonic stock certificates in the name of Mr. Gonzalez and to reissue them to Plaintiffs in aid of execution.

### B.     *Whether the Court Should Compel Discovery*

The second issue is whether the Court should compel the Judgment Debtors to testify under oath and to complete a fact information sheet that details the nature and location of their assets.   Plaintiffs say that this is allowed under Florida law and that it should be required in this case because there must be a complete inventory of any transfers that the Judgment Debtors made to third parties if there is a future

need to implead others and trace assets. *See* Fla. Stat. § 56.29 (stating that "within 1 year before the service of process on the judgment debtor in the original proceeding . . . the judgment debtor has the burden of proof to establish that such transfer or gift was not made to delay, hinder, or defraud creditors.").

When a judgment creditor seeks discovery in aid of execution, Florida law requires that a debtor appear, testify under oath, and discuss all matters related to financial or business interests:

> (1) In addition to any other discovery permitted under the rules of civil procedure, on the judgment creditor's motion the court shall require the judgment debtor to appear before it or a general or special magistrate at a time and place specified by the order in the county of the judgment debtor's residence or principal place of business to be examined concerning property subject to execution. This examination may occur before issuance of a Notice to Appear.
>
> (2) The order shall be served in a reasonable time before the date of the examination in the manner provided for service of summons or may be served on the judgment debtor or the judgment debtor's attorney of record as provided for service of papers in the rules of civil procedure.
>
> (3) Testimony shall be under oath, shall be comprehensive, and cover all matters and things pertaining to the business and financial interests of the judgment debtor which may tend to show what property the judgment debtor has and its location. Any testimony tending directly or indirectly to aid in satisfying the execution is admissible. A corporate judgment debtor must attend and answer by a designee with knowledge or an identified officer or manager who may be specified in the order. Examination of witnesses shall be as at trial, and any party may call other witnesses to be examined concerning property that may be subject to execution.

Fla. Stat. § 56.30.

The same is true if a request is made for a judgment debtor to complete a fact information sheet. *See* Fla. R. Civ. P. Rule 1.560(b) ("In addition to any other discovery available to a judgment creditor under this rule, the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court. Failure to obey the order may be considered contempt of court."). Indeed, courts within our district have enforced this rule repeatedly to facilitate the satisfaction of a final judgment. *See, e.g., TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F. Supp. 3d 1357, 1359 (S.D. Fla. 2015) ("[T]he Court finds that the July 21, 2014 Order required Defendants to complete the Fact Information Sheet set forth in Fla. R. Civ. P. Form 1.977, including all required attachments"). And we see no reason to depart from that practice where Florida law allows the completion of a fact information sheet "to discover information from any person, including the judgment debtor, that is relevant to their claim, even if the information is not admissible." *Garcia v. Las Brasas Quick Hand Car Wash, Corp.*, 2011 WL 2789088, at *4 (S.D. Fla. Jul. 15, 2011).

In fact, the request for the completion of a fact information sheet is even more significant here because the Court entered a monetary judgment and Plaintiffs are, to this point, unable to discover the assets of the Judgment Debtors:

> [T]he creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or

assets that the debtor might have recently transferred. Broad discovery of a debtor's assets is permitted postjudgment—the debtor's assets, whether held individually or jointly, are relevant to collecting the debt owed.

*Regions Bank v. MDG Frank Helmerich, LLC*, 118 So. 3d 968, 970 (Fla. 2d DCA 2013). And given that there are unrebutted assertions that the Judgment Debtors refuse to cooperate with any discovery in aid of execution, the relief sought is critical in securing a collectible judgment. Accordingly, Plaintiffs' motion should also be **GRANTED** on this basis, and the Court should compel the Judgment Debtors (1) to appear at a suitable time and place to testify under oath on all matters related to their financial or business interests, and (2) to complete a fact information sheet.

### IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiffs' motion [D.E. 40] be **GRANTED**:

A. The Court should cancel any Supersonic stock certificates in the name of Mr. Gonzalez and reissue them to Plaintiffs so that they may levy the shares for execution.

B. The Court should compel Mr. Gonzalez to deliver to Plaintiffs any corporate and financial records, and further compel the Judgment Debtors to testify under oath on all matters related to their financial or business interests, and to complete a fact information sheet.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to

13

file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 27th day of April, 2021.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge