# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-23459-Civ-SCOLA/TORRES

EYERIS RODRIGUEZ, ET AL.,

     Plaintiffs/Judgment Creditors,

vs.

SUPERSONIC OF FLORIDA, INC., a for profit
Florida corporation,

     Defendant/Judgment Debtor,

vs.

LET'S KEEP ON TRUCKING, LLC, a Florida
limited liability company;
LET'S KEEP ON TRUCKING 4 US CORP., a for
profit Florida corporation;
BERKI GONZALEZ, individually; and
IVAN MONTALVO, individually,

     Defendants in Execution.

_____/

## *REPORT AND RECOMMENDATION FOR ENTRY*
## *OF PARTIAL JUDGMENT IN PROCEEDINGS SUPPLEMENTARY*

This matter comes before the Court on Plaintiffs' Omnibus Motion for Entry of
Judgment in Proceedings Supplementary Against Third Party Defendants in
Execution, specifically Let's Keep on Trucking, LLC; Let's Keep on Trucking 4 Us
Corp.; 4 Us & Company LLC (the "Successor Entities"); and Berki Gonzalez,
individually, and Ivan Montalvo, individually (the "Successor Individuals"). [D.E. 60].

No response in opposition has been filed to the motion per se, though the Successor Individuals did file written responses to the Notices of Action. [D.E. 55]. Notwithstanding the filing of a notice of pending motion filed by Plaintiffs, no other response was filed to this motion or any appearances of counsel for the Successor Entities who have asserted any defenses to the action. Accordingly, the Report and Recommendation entered herein adjudicates the pending Motion only with respect to the Successor Entities. The pending omnibus motion should thus be GRANTED in PART and otherwise DENIED without prejudice.

## I.    BACKGROUND

The Movants in this matter are Judgment Creditors that prevailed in a FLSA action. They have been unable to collect anything to date from the Judgment Debtor on account of the respective Default Judgment and Final Judgment, plus fees and costs awards flowing from that Final Judgment. Specifically, an unsatisfied Default Judgment following issuance of a writ of execution remains in the amount of $437,481.41 plus interest.

Pursuant to Florida law, the Movants obtained leave to join additional parties into this closed action, through proceedings supplementary governed by Florida statute, on the theory that these additional parties are successors in interest to the Judgment Debtor. [D.E. 49]. Movants claimed that these Successor Entities and Successor Individuals are successors in interest through which they continue to operate the same trucking/transport business, in the same industry and markets, especially in South Florida where the Plaintiffs worked. Movants contend that they

stand in the shoes of the Judgment Debtor in order stay in the trucking business while avoiding the payment of unpaid wages and damages awarded to their former employees in this case.

The Successor Entities and the Individuals were all served with notice of the proceeding and direction to file written responses. [D.E. 50-54].  Specifically, these supplemental parties were served by process server and directed to each make their appearance and show cause why they and their assets should not be subject to execution and levy to satisfy the Judgment against the Judgment Debtor, as follows:

> Fourteen days from the date of service of this "Court Notice to Appear", issued pursuant to Rule 69, Fed. R. Civ. P. and Fla. Stat. §56.29(2)(2016), you shall make an appearance and file an Affidavit with this Court, as provided by Fla. Stat. §56.16, stating why relief (as described in the "Motion for Order of Impleader and Proceeding Supplementary" [DE 46]) should not be granted and showing cause why execution should not issue against your assets to satisfy the Judgments entered against Supersonic of Florida, Inc. . . .

Notwithstanding this Order, on March 30, 2022, all five Successors-in-Interest purported to respond through a single joint "Response to Court Notice to Appear Pursuant to Florida Satute [sic] 56.29(2)."  [D.E. 55].  The problem is that this joint response was signed (under oath) only by the individual successors: Berki Gonzalez (the wife of Juan Gonzalez) and Ivan Montalvo (a former employee of the Judgment Debtor).  The response was delivered *pro se* to the Clerk of the Court but without appearance by any attorney.  No written was response through counsel was filed on behalf of the Successor Entities.

Plaintiffs responded to the pro se response by filing the pending Motion for Entry of Judgment that argued that this joint response was is legally insufficient to avoid successor liability.   Specifically, Plaintiffs maintain that the corporate successors have effectively failed to appear at all as required by law because corporate entities are required to appear through counsel.   Apart from that procedural challenge to the joint response, Plaintiffs argue that all the responding Successors have failed to raise any defense or allege any factual or legal basis sufficient to show cause why they are not liable. Plaintiffs point out that the response was simply a conclusory denial without any proffered facts that would rebut the record presented to the Court on the motion for proceedings supplementary.   Thus, Plaintiffs request, the Court should proceed to simply enter Judgment against the Successor Entities and Successor Individuals for the amount of the outstanding judgments.

Though the Motion was filed some time ago, the Successor Entities and Individuals never responded to the motion.   In particular, the Successor Entities never addressed the procedural challenge to their perfunctory response, nor show any cause why they have not been able to retain a lawyer.   Even after the passage of the initial response period under Local Rule 7.1, no appearance by counsel has been filed on the docket notwithstanding Plaintiffs' notice to the Court and the parties that the Motion remained outstanding.   The matter is thus ripe for adjudication based on the existing record, which means that the motion could be summarily granted by default under S.D. Fla. Local R. 7.1.   The Court will proceed further, however, and address the merits.

## II.    ANALYSIS

Pursuant to Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1). Florida Statute § 56.29 sets forth the procedures for impleading supplemental defendants.    Under this long-standing statutory provision, supplementary proceedings are proceedings, following the judgment, designed to aid a judgment creditor in collecting own her judgment against the judgment debtor. Specifically,

> When any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

Fla. Stat. § 56.29.

This "statutory procedure was designed to avoid the necessity of the judgment creditor initiating an entirely separate action for a creditor's bill." *Regent Bank v. Woodcox,* 636 So. 2d 885, 886 (Fla. 4th DCA 1994).   Consequently "[t]he statute should be given a liberal construction so as to afford to the judgment creditor the most complete relief possible." *Richard v. McNair,* 164 So. 836, 840 (Fla. 1935).

As the Court found in granting Plaintiffs' initial motion for leave to proceed with proceedings supplementary in the first place, clearly this Court has ancillary jurisdiction to enforce its Final Judgment as well as the cost and fee orders entered

thereafter.  To effectuate those orders, the Court has continuing ancillary jurisdiction to enforce them.  And Rule 69 provides the procedural framework with which to do so, which in turn authorizes us to invoke the provisions in Florida's supplementary proceedings statute.  *See National Mar. Servs., Inc. v. Straub,* 776 F.3d 783, 786 (11th Cir. 2015) ("We conclude that the district court had ancillary jurisdiction over this supplementary proceeding.") (affirming district court judgment against principal of judgment debtor under § 56.29 who received fraudulent transfers of debtor to avoid satisfying judgment).

And now that the Successor Entities and Individuals have been duly served with process under Rule 4, the Court has ancillary jurisdiction to adjudicate the pending motion as to these additional entities and individuals.  That jurisdiction certainly includes the power to grant relief to a judgment debtor against successor entities, especially when necessary to enforce the federal labor laws designed to protect the rights of employees to proper payment under the law.  *See, e.g., Hatfield v. A+ Nursetemps, Inc.*, 651 F. App'x 901, 906 (11th Cir. 2016) ("The FLSA, at a minimum protects workers by enforcing minimum wage and overtime regulations; it cannot be disputed that applying successor liability in this instance achieves that purpose."); *Steinbach v. Hubbard,* 51 F.3d 843, 845 (9th Cir. 1995) (enforcing successor liability following entry of judgment in FLSA action); *Teed v. Thomas & Betts Power Solutions,* 711 F.3d 763, 766 (7th Cir. 2013) (successor liability is necessary to deter employer from avoiding judgment by wrongfully selling or transferring its assets to related entities).

### A.   _Established Liability of Successor Entities_

Turning first to the merits of the motion with respect to the Successor Entities, Plaintiffs have the initial burden of establishing that (1) the subsequent person or entity is a bona fide successor, and (2) has notice of the potential liability. _Golden State Bottling Co. v. NLRB,_ 414 U.S. 168, 171-72 n.2 (1973).  In determining whether this standard is met, courts must balance the myriad facts and circumstances that may be presented in the record.  The focus of that analysis should be (1) whether the successor had prior notice of the claims against the predecessor; (2) whether the predecessor is able to provide relief requested; and (3) whether there is sufficient continuity in the business operations.  _In re Nat'l Airlines, Inc.,_ 700 F2d 695, 698 (11th Cir. 1983).  Especially in the FLSA context, this analysis should also include whether the predecessor would have been able to provide relief after transfer (where inability to provide relief favors successor liability). _Hatfield,_ 651 F. App'x at 907.

The record initially presented in support of the motion clearly satisfies their burden. The Successor Entities are successors of the Judgment Debtor with knowledge of the claims of its predecessor employees. The Successors consist of closely held, related entities and the individuals who admittedly control them. The individuals who claim to be the sole owners of the Successor Entities are the wife of the sole owner of the Judgment Debtor and a former management employee of the Judgment Debtor. The Successors operate in the same market using the same methods, serving the same client, and are controlled by the same people. The prima

facie standard for federal labor law successor liability is easily met in the context of these interconnected family entities and showing of continued operation.

In response to this record, the Successor Entities have essentially stood mute because they have failed to appear in the action and satisfy their burden of creating a factual question as to these elements. Corporate entities cannot represent themselves, and they must instead be represented by counsel. *See, e.g., Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385-86 (11th Cir. 1985). By failing to do so, entry of default against such corporate defendants may be entered as an appropriate consequence. *See, e.g., Hernandez v. H.O.N. Const. Co., Inc.,* 2009 WL 790122, *3 (S.D. Fla. Mar. 24, 2009). And this rule also applies to limited liability companies. *See, e.g., Windsor v. United States,* 2009 WL 2370669, at *2 (N.D. Ga. July 30, 2009), *modified*, 2010 WL 11549612 (N.D. Ga. Oct. 19, 2010)) ("Corporations and limited liability companies . . . must be represented by counsel in litigation.").

That default has been compounded here where Plaintiffs dutifully placed the Successor Entities on notice of this procedurally deficiency in the pending Motion. [D.E. 60 at 19]. Notwithstanding that notice, the Successor Entities failed to file any supporting affidavits or legal filings through counsel of record. That failure is then magnified under Local Rule 7.1 that required the Successor Entities to respond in writing to the pending motion or face default. Local R. 7.1 ("Failure to [respond in writing] may be deemed sufficient cause for granting the motion by default.").

Accordingly, given the record supporting the motion and the Successor Entities multiple defaults by not timely responding through counsel of record, the Court finds

no basis not to grant the relief requested especially now that time has passed and the Successor Entities have still not responded properly.  By failing to do so, the Successor Entities have effectively stipulated to the factual averments set forth in the Motion. The Court can thus find that (1) Let's Keep on Trucking, LLC, Let's Keep on Trucking 4 Us Corp., and 4 Us & Company, LLC, are successor entities under the law to judgment debtor Supersonic of Florida, Inc; (2) they had prior notice of the claims against the predecessor based on the common ownership established in the record; (3) Supersonic of Florida, Inc. has to date not been able to satisfy the judgment's obligations and no basis exists to find that it can do so at any point; and (4) there is ample evidence of continuity in the business operations between the debtor and these Successor Entities.

Accordingly, Judgment against Let's Keep on Trucking, LLC, Let's Keep on Trucking 4 Us Corp., and 4 Us & Company, LLC, should now be entered in favor of Plaintiffs for the full amount of the outstanding judgment ($437,242.41), and writs of execution should issue as to these three entities.

### B.     _Liability of Successor Individuals is Deferred_

Plaintiffs also move for judgment for successor liability as to the third party individuals who are identified in the Order on Supplemental Proceedings: Berki Gonzalez – the wife of the Judgment Debtor's former principal Juan C. Gonzalez -- and Ivan Montero – a former management employee of the Judgment Debtor. Plaintiffs contend that together they operate and organize the Successor Entities and continue to operate their business in the very same trucking/transport and

warehousing business, in the same industry and markets as the Judgment Debtor but under different corporate names and incarnations in order stay in business and "keep on trucking" while avoiding the payment of unpaid wages and damages awarded to the former employees of the Judgment Debtors.

These individuals responded to the Notice through their pro se written response, sworn under oath, that avers that "that there is no affiliation with the entity of Supersonic of Florida, Inc." and "neither in a personal or business form did I receive any assets belonging to Supersonic of Florida, Inc." Plaintiffs properly contend that these averments are not legally sufficient to negate successor liability and fail to address unrebutted facts Plaintiffs presented in the record.

Given that we are obligated to treat pro se responses liberally, and further that the ultimate burden on establishing liability falls on Plaintiffs, we deem the responses sufficient to raise an arguable issue of fact that requires later adjudication. Thus, with respect to these individuals' liability Plaintiffs are certainly entitled to the discovery they seek from them and the Defendants must present record facts at the appropriate time to rebut Plaintiffs' summary judgment showing. For now, the Court will thus defer final ruling on that aspect of Plaintiffs' petition until that process has been completed.

### III.   CONCLUSION & RECOMMENDATION

For the foregoing reasons, the Motion should be **GRANTED** in part as to the Successor Entities only at this time. Judgment of successor liability should be

entered in Plaintiffs' favor as against Let's Keep on Trucking, LLC, Let's Keep on Trucking 4 Us Corp., and 4 Us & Company, LLC.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of November, 2022.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge