UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 20-23459-CIV-SCOLA/TORRES

**Eyeris Rodriguez**, *et al.*,

    Plaintiffs/Judgment Creditors,

vs.

**Supersonic of Florida, Inc.**, a for profit Florida corporation,

    Defendant/Judgment Debtor,

vs.

**Let's Keep on Trucking, LLC**, *et al.*,

    Defendants in Execution,

vs.

**W.W. Grainger, Inc**. and
**JPMorgan Chase Bank, N.A.**,

    Garnishees.

**PLAINTIFFS/JUDGMENT CREDITORS' MOTION TO ENFORCE SETTLEMENT**

Plaintiffs/Judgment Creditors, by and through undersigned counsel, hereby file the instant Motion to Enforce Settlement, and in support thereof, state as follows:

**INTRODUCTION**

1. **Relevant Procedural Background.** The Plaintiffs are judgment creditors pursuant to the FLSA judgment entered against Defendant Supersonic of Florida, Inc. ("Supersonic") [ECF No. 26] and the corresponding Order awarding attorney's fees [ECF No. 39] for a total

amount due of $437,841.41, plus accrued interest, and post-judgment collection fees and costs. The underlying Judgments were entered in 2020.

2.   The corporate Successors are liable under said judgment in accordance with this Court's final Order [ECF No. 73] entered December 5, 2022 and the corresponding Writs of Execution issued immediately thereafter [ECF Nos. 74–76] which were all issued in accordance with the initiation of statutory proceedings supplementary against the Successors as provided by Florida Statute § 56.29.

3.   In accordance with the Court's final Order determining the Successors to be liable to Plaintiffs, the Clerk of Court promptly entered Writs of Garnishment against two garnishees: J.P. Morgan Chase Bank, N.A. [ECF No. 78] and W.W. Grainger [ECF No. 82].

4.   The Writs were each served upon respective garnishees on December 8, 2022 [ECF Nos. 93-1 and 94-2]. Service of the Writs have the effect of creating a lien upon the garnished assets and liability in accordance with Florida Statute § 77.06.

5.   It appears from the respective Answers served by the garnishees that the assets and liabilities garnished are sufficient to satisfy the underlying judgment in this case, including all unliquidated statutory fees and costs incurred by the Plaintiffs in their post-judgment collection efforts, proceedings supplementary, and the garnishment proceedings [ECF No. 84, 109], as well as any statutory fees and costs which may be due to garnishees under Florida Statute § 77.28.

6.   On February 27, 2023, Plaintiffs filed respective motions for judgment of garnishment against respective garnishees [ECF No. 114 and No. 115]. The deadline for filing responses to these motions was March 13, 2023.

7.   **<u>Settlement Agreement is Reached and then Breached by Execution Defendants.</u>** On March 2, 2023, in advance of the deadline for the Successors to respond to the

motions for judgment of garnishment, the Successors offered to resolve this case "by paying the judgment amount with the funds subject to garnishment and release the remainder . . .". See **Exhibit "1"**.

8. Given the amount of garnished assets, Plaintiffs responded the following day by proposing a global settlement to resolve the amount of the judgment, a smaller judgment as well, and all remaining issues of fees and costs incurred by the Plaintiffs in their post-judgment collection efforts. See **Exhibit "2"**. In defining the context of all settlement discussions, Plaintiffs also identified specific parameters relating to final resolution of the controversy or controversies, including one making clear that any settlement agreement would necessarily include "language protecting Plaintiffs in bankruptcy context". *Id*.

9. On March 13, 2023, the parties orally agreed in principle to resolve the controversy pursuant to a distribution of the garnished proceeds into respective trust accounts such that Plaintiffs' counsel would receive in trust amounts sufficient to cover the total amount of the underlying judgment or judgments, while the remaining garnished proceeds would be deposited in trust with the attorneys for the Successors, to secure payment of any post-judgement collection fees and cost, as well as any statutory fees of the garnishees. **Exhibit "3"**. This agreement was memorialized in an email from counsel for the Successors whereby he stated:

> Per our conversation, we will edit out Motion for Extension of Time to state that the motion is unopposed, **we have reached an agreement in principle and require a 3 day extension to finalize the agreements and submit the necessary documents to the court for resolution**."

*Id*. (emphasis added).

10. On the same day, Successors filed their "Execution Defendants Unopposed Motion for Extension of Time to File their Response to" the Plaintiffs' motions for Final Judgment of

Garnishments [ECF No. 118]. In their motion for extension, Successors specifically represented to the Court, as follows:

> **Plaintiffs and Defendants in Execution have reached an agreement in principle** and need to finalize the agreement, thus, Defendants in Execution are seeking a three (3) day extension of time, on or before March 16, 2023, to submit the necessary documents to the Court for resolution.

ECF No. 118, p. 2, ¶ 3 (emphasis added). Likewise, they submitted a proposed order which sought the following relief: "The deadline for Defendants in Execution to File the necessary documents to the Court for resolution is now March 16, 2023."

11. As agreed, undersigned counsel for the Plaintiffs would reduce the finer points of settlement to writing and submit settlement documents to opposing counsel. See email attached as **Exhibit "4"**. This would include drafts of: A Final Judgment of Garnishment; a Settlement Agreement; and withdrawal of outstanding motion filed by the Execution Defendants. See email attached as **Exhibit "5"**. In memorializing the documents for settlement, it was clear that the purpose of the documents would be as follows:

> The drafts I will forward shortly, are designed to accomplish your clients' request to satisfy the underlying judgments in the *Rodriguez*, et al case ($437,841.91, see DE 26, 36, 39); and the related the *Ramirez* case ($16,000.50, see docket entries 25 and 46), by paying the those amounts into my firm's Trust Account from the garnished proceeds (or otherwise), while depositing the balance of the garnished proceeds into *your* firm's Trust Account to secure payment of any additional amounts that may be agreed to or awarded on account of accrued interest, post-judgment and Supp. Proceeding fees and costs, including, garnishment fees and costs to Plaintiff's and garnishees.

See **Exhibit "5"**. This is undisputed. See **Exhibit "6"**.

12. On March 14th, a working form of the Final Judgement in Garnishment and Notices of withdrawal were delivered to counsel for Successors. The form of Final Judgment is attached as **Exhibit "7"** (highlighting in original).

13. The following day (March 15, 2023) the draft of Settlement Agreement was delivered to counsel for Successors. The form of "Settlement Agreement" is attached as **Exhibit "8"** (highlighting in original).

14. On March 16, 2023 – the extended deadline by which the Successors were required to respond to the motions for final judgment of garnishment – Successors did not respond to either of the motions for final judgment of garnishment, and the time within which to do so has now passed. Thus, Successors have not objected to the entry of final judgment of garnishment against the garnishees.

15. On March 17, 2023, counsel for the Successors wrote to indicate that Execution Defendants would **not** proceed to settlement as they agreed and had indicated to the Court, stating as follows:

> Our client has revised [sic] the settlement agreement and has **decided not to proceed due to the No Bankruptcy (paragraph 5) provision.** Given the deadline and our client's position, it would be best to place the court on notice and request a ruling on pending motions.

See **Exhibit "9"** (emphasis added).

16. Plaintiffs maintain that Execution Defendants/Successors have agreed to settle this case, have represented to the Court that the case is settled, and that they (Execution Defendants) now refuse to do so, in violation of that agreement, which remains enforceable by the Court.

WHEREFORE, the Plaintiffs respectfully request that the Court enter an Order Granting Plaintiffs' Motion to Enforce Settlement, that it deny the Execution Defendants' pending motions, and, rather, enter Final Judgment of Garnishment against respective garnishees in a manner that requires the satisfaction of the underlying judgments, payable to and c/o the Anthony F. Sanchez, P.A. IOLTA Trust Account, and that any excess of amounts garnished be deposited into the trust account of the Trembly Law Firm to secure payment of any post-judgment collection fees and

costs, and any statutory garnishment fees and costs, to which garnishees may be entitled, and for such other relief as the Court deems meet and proper under the circumstances of this case.

## MEMORANDUM OF LAW: THE COURT HAS AUTHORITY TO ENFORCE SETTLEMENT AGREEMENTS

A party who agrees to settle, then refuses to do so, is not excused from the agreement. Settlement agreements are highly favored and are enforced whenever possible because they end litigation. *See Robbie v. City of Miami,* 469 So. 2d 1384, 1385 (Fla. 1985). *See also Pearson v. Ecological Science Corp.,* 522 F.2d 171 (5th Cir. 1975), *cert. denied,* 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976); *Dorson v. Dorson,* 393 So.2d 632 (Fla. 4th DCA 1981); *See also Reed by and through Reed v. U.S.*, 717 F. Supp. 1511 (S.D. Fla. 1988). Indeed, the Court is empowered to enforce settlement agreements, even when they have not been signed by the parties. *Am. Appraisal Assoc. Inc. v. Am. Appraisals. Inc.,* 531 F.Supp.2d 1353, 1358 (S.D. Fla. 2008). In that case, a defendant sought to withdraw from a written settlement agreement, before it had been fully executed by the parties. Defendant maintained that it could withdraw from the settlement agreement because it had communicated the intent to withdraw before the Plaintiff had signed the written agreement. *Id*. The Court disagreed, noting that there was no factual dispute regarding the terms of settlement, which had been reduced to writing even if it was not finally executed. Similarly, in the Middle District case of *Welch v. N. Am. Tank Line, Inc.,* No. 8:06-Civ-23450-T-17-Map, 2008 WL 3982392 (M.D. Fla. August 25, 2008) the Court enforced the obligation of Defendant to pay Plaintiff $45,000.00 under the undisputed terms of settlement. Likewise, in the case of *Cia Anon Venezolana de Navegacion v. L Harris*, 374 F. 2d 33 (5th Cir. 1967), the Court enforced settlement by entering judgment against two defendants, who having agreed to pay $8,000 each, sought to withdraw from settlement and their corresponding obligation to pay.

Under Florida law, settlement agreements are analyzed under principals of contract, both in terms of construction and enforcement. *Schwartz v. Fla. Bd. of Regents*, 807 F. 2d 901, 905 (11th Cir. 1987). In order for a party to compel enforcement of a settlement agreement, the terms must be sufficiently specific and mutually agreed upon as to the essential elements. *Carpaneda v. Quayside Place Partners, LLP*, No. 09-20740 at * 1 (S.D. Fla. July 7, 2010), citing *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2003); *see also Don L. Tullis & Assoc., Inc. v. Benge*, 473 So. 2d 1384, 1386 (Fla. 1st DCA 1985). Uncertainty as to nonessential terms will not preclude enforcement of a settlement agreement. *Speigel*. The party seeking to enforce a settlement agreement bears the burden of showing that the opposing party assented to the terms of the agreement. *Long Term Management, Inc. v. Univ. Nursing Center, Inc.*, 704 So. 2d 669, 673 (Fla. 1st DCA 1997). An enforceable settlement agreement may be enforced when the material terms are clear, definite and capable of proof. *Reed v. United States*, 717 F. Supp. 1511, 1516-17 (S.D. Fla. 1988).

In this case, the Execution Defendants/Successors have agreed to settle this case through distribution of garnished proceeds sufficient to satisfy all judgments, and sufficient to secure payment of any post-judgment interest, fees and costs. The Execution Defendants have represented to the Court that they reached an agreement to resolve this entire controversy. They sought an extension of time to respond to a motion for judgment in garnishment, which was granted, yet they did not respond or otherwise object to the entry of final judgment of garnishment against garnishees, as discussed. Notwithstanding their representations, Execution Defendants merely refuse to consummate the agreement they reached by purporting to reject a provision they had already indicated they would accept. As such, the Court should enforce the settlement reached. The source of the settlement proceeds (or satisfaction proceeds) are not within the control of the

Execution Defendants, and the settlement may be enforced notwithstanding the continued contumacious and contemptable disregard of judicial rules, orders, and process by Execution Defendants.

## CONCLUSION

Plaintiffs pray this Honorable Court grant Plaintiffs motion to enforce settlement, since the material terms of settlement are readily before the Court, and the settlement can be consummated as contemplated without cooperation of Execution Defendants.

## CERTIFICATE OF CONFERRAL: UNABLE TO AGREE

I hereby certify that in accordance with Local Rule 7.1(a)(3), undersigned counsel first wrote counsel for the Execution Defendants on March 17, 2023, shortly after they indicated that Execution Defendants had "decided not to proceed" with settlement, and that they responded in writing on Sunday, March 19, 2023 to make clear that they would oppose this motion to enforce settlement on the unspecified basis that the was "no meeting of the minds".

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2022 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF and served on the parties listed in the Service List below in the manner indicated therein.

Anthony F. Sanchez, P.A.
Attorneys for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.: 305-665-9211
Email: afs@laborlawfla.com

By: /s/ Anthony F. Sanchez
Anthony F. Sanchez
Florida Bar No. 789925

**SERVICE LIST**

Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
afs@laborlawfla.com
***Counsel for Plaintiffs/
Judgment Creditors***
Anthony F. Sanchez, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel: 305-665-9211

Supersonic of Florida, Inc.
***Defendant/Judgment Debtor***
1919 Absher Road
St. Cloud, FL 34471
*Via First-Class U.S. Mail*

Edward Diaz, Esq.
Florida Bar No.: 988091
edward.diaz@hklaw.com
***Counsel for Garnishee
W.W. Grainger, Inc***.
HOLLAND & KNIGHT LLP
701 Brickell Ave, Suite 3000
Miami, FL 33131
Tel:  305-789-7709
Fax: 305-789-7799
*Via Notice of Electronic Filing*

Arturo L. Arca, Esq.
Florida Bar No.: 63354
arturo@tremblylaw.com
Robert W. Brock II, Esq.
Florida Bar No.: 75320
robert@tremblylaw.com
***Counsel for Defendants-in-Execution/
Successors-in-Interest***
TREMBLY LAW FIRM
9700 S. Dixie Highway, PH 1100
Miami, Florida 33156
Tel: 305-431-5678
*Via Notice of Electronic Filing*

Andrew R. Herron, Esq.
Florida Bar No.: 861560
aherron@homerbonner.com
gservice@homerbonner.com
***Counsel for Garnishee
JPMorgan Chase Bank, N.A.***
HOMER BONNER JACOBS ORTIZ, P.A.
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Tel:  305-431-5678
Fax: 305-372-2738
*Via Notice of Electronic Filing*